UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JERAMY MICHEAL CORDELL HILL,

                Plaintiff,

v.

GODADDY COMPANY,

                Defendant.
-----------------------------------------------------------------x

**DECISION & ORDER**
18-CV-5251 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Jeramy Micheal Cordell Hill ("Plaintiff"), currently incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983 against GoDaddy Company ("Defendant"). On October 3, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro*

1

*se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

However, the Supreme Court has held that a district court has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court further stated that "a court is not bound . . . to accept without question the truth of the plaintiff's allegations. We therefore reject the notion that a court must accept 'as having an arguable basis in fact,' all allegations that cannot be rebutted by judicially noticeable facts." *Id.* (citation omitted).

## DISCUSSION

Plaintiff's complaint is nonsensical and does not present any conceivable claim. For example, Plaintiff states that he brings this action against Defendant

> for Milnillion Googloplex Googloplexs dollars, for creating the domain name "The Social Music Club" and nobody paying me, for creating the most intelligence thing ever in history. . . . I have waited six years for, "Go Daddy Company" too [sic] send a check out of respect, but no check has c[o]me. . . . I'm suing "Go Daddy Company" because the "The Social Music Club" is the most intelligence thing ever made, its smarter than an [sic] computer, plane, artificial intelligence, human beings, robotics, and etc. Just saying the name can increase intelligence. . . . Go Daddy have never send me a dollar, to this day. I'm on [R]ikers [I]sland, and my bail is 20 thousands dollars, and I should have been a millionaire five months ago.

Compl. at 6-7, ECF No. 1.[1]

Plaintiff's claims are not plausible and can be dismissed as factually frivolous. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

2

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 25; *Khalil v. United States*, 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *3-4 (E.D.N.Y. Jan. 12, 2018) (Bianco, J.); *Bussie v. IRS Commissioner*, 16-CV-7006, 17-CV-157, 2017 WL 395113, at *3 (E.D.N.Y. Jan. 27, 2017) (Brodie, J.). Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action must be dismissed. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2018
Brooklyn, New York